# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A.J.**

**No. 13-1166** (Barbour County 12-JA-18)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Roger Curry, appeals the Circuit Court of Barbour County's October 21, 2013, order terminating her parental rights to A.J. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine Bond, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), Karen Johnson, filed a response on behalf of the child that also supports the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in terminating her parental rights to A.J.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, a Child Protective Services ("CPS") worker conducted a wellness check at Petitioner Mother's residence. The worker observed Petitioner Mother acting in an erratic manner. The worker believed that Petitioner Mother was under the influence of an unknown substance that prevented her from being able to properly care for A.J. Ultimately, Petitioner Mother was arrested for assault and misdemeanor child neglect of A.J.[1] As a result, the DHHR filed a petition for immediate custody of A.J. The petition alleged that Petitioner Mother's substance abuse affected her ability to appropriately care for her child.

Following a preliminary hearing, the circuit court directed Petitioner Mother to submit to random drug tests and to undergo a psychological evaluation.[2] In November of 2012, Petitioner Mother stipulated that she was a drug addict and that her drug problem affected her ability to properly care for A.J. As such, the circuit court adjudicated Petitioner Mother as an abusive and neglectful parent and granted her a six-month post-adjudicatory improvement period. As part of her improvement period, Petitioner Mother was directed to participate in mental health counseling, substance abuse counseling, self-awareness classes, and supervised visitation.

---

[1]The record is devoid of any information regarding the disposition of these alleged crimes.

[2]The circuit court placed the child with her maternal aunt and granted Petitioner Mother supervised visitation.

1

The circuit court held a review hearing on December 12, 2012. The GAL filed a report for the review hearing stating that Petitioner Mother had tested positive for Oxycodone on November 30, 2012.[3] Despite Petitioner Mother's positive drug test, the circuit court continued her improvement period and scheduled another review hearing.

Prior to the next review hearing the GAL moved to terminate Petitioner Mother's post-adjudicatory improvement period because she had failed three more drug tests, denied consuming alcohol[4], missed an unknown number of drug tests, and was caught with a container of urine during a random drug screen that she presumably intended to substitute for her own drug-tainted urine. Following a hearing on the GAL's motion, the circuit court terminated Petitioner Mother's improvement period. Thereafter, the circuit court held a dispositional hearing and terminated Petitioner Mother's parental rights.[5] It is from this order that Petitioner Mother now appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds that the circuit court did not err in terminating Petitioner Mother's parental rights to A.J. Petitioner Mother argues that her drug addiction is a serious and perpetual problem that cannot be resolved within the time limits of our laws in child abuse and neglect cases which were created with the child's need for permanence in mind. Petitioner Mother also argues that the circuit court should have ordered additional terms of supervision pursuant to West Virginia Code §§ 49-6-5(a)(4) or (5), to allow her to address her drug addiction and achieve reunification. The Court does not find this argument persuasive.

---

[3]At the hearing, Petitioner Mother denied using Oxycodone.

[4]The GAL witnessed Petitioner Mother order alcoholic beverages at sports bar.

[5]The circuit court granted Petitioner Mother post-termination visitation at the discretion of the multidisciplinary team appointed to the case.

The record shows that Petitioner Mother continued to use drugs after she was granted a post-adjudicatory improvement period, continued to deny using drugs or drinking alcohol, and attempted to falsify a drug screen by bringing a container of urine into the testing area. Based upon this evidence, the circuit court found that there was no reasonable likelihood that Petitioner Mother could correct the conditions of abuse and neglect in the foreseeable future. The circuit court specifically found that Petitioner Mother "has never overcome her drug addiction" and "fail[ed] to appear for drug testing." Pursuant to West Virginia Code § 49-6-5(b)(1) these conditions constitute a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse or neglect in the near future. Additionally, the circuit court found that the child is "entitled to permanency" especially in light of the fact that the child has been in the care of her maternal aunt for more than one year. Pursuant to West Virginia Code § 49-6-5(a)(6), a circuit court is directed to terminate parental rights upon such findings. We have previously held that "'courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . .' Syllabus point 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Thus, for the foregoing reasons, the Court finds no error in the circuit court's decision to terminate Petitioner Mother's parental rights.

The Court also finds no merit in Petitioner Mother's argument that the circuit court erred in permanently severing her parental bond with her child. We have previously held that "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child." Syl. Pt. 5, in part, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995). While the circuit court terminated Petitioner Mother's parental rights, the circuit court allowed Petitioner Mother the opportunity to continue to have a role in A.J.'s life. The circuit court specifically directed the multidisciplinary team to determine whether continued visitations between Petitioner Mother and A.J. were in the best interest of the child. For this reason, the Court finds no merit in Petitioner Mother's argument that the circuit court permanently severed the bond with the child.

For the foregoing reasons, we find no error in the decision of the circuit court and the October 21, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II